UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

           **Plaintiff,**

                                               CASE NO. 2:19-cr-20626-NGE-DRG

**v.**

**EMANUELE PALMA,**

           **Defendant.**

_____/

## AMENDED PROTECTIVE ORDER BASED ON STIPULATION

This Court, having reviewed the stipulation below, being advised in the matter, and for the reasons stated by the parties,

IT IS HEREBY ORDERED that the pretrial disclosure of discovery materials, as described in the stipulation below, is controlled by the provisions of the amended stipulation and agreement.

Dated:_March 15, 2021                           s/ Nancy G. Edmunds
                                                                   HON. NANCY G. EDMUNDS
                                                                   United States District Judge

2

| | |
|---|---|
| /s/    Henry P. Van Dyck | /s/    Greg D. Andres |
| HENRY P. VAN DYCK | Attorneys for Defendant |
| Principal Assistant Chief | GREG D. ANDRES |
| U.S. Department of Justice | NEIL H. MACBRIDE |
| Criminal Division, Fraud Section | PAUL J. NATHANSON |
| | Davis Polk & Wardwell |
| /s/    Timothy J. Wyse | LLP |
| JOHN K. NEAL | |
| TIMOTHY J. WYSE | /s/    Kenneth M. Mogill |
| Assistant United States Attorneys | KENNETH M. MOGILL |
| Eastern District of Michigan | Mogill, Posner & Cohen |

/s/    Todd W. Gleason
TODD W. GLEASON
Senior Trial Attorney
U.S. Department of Justice
Environmental Crimes Section
Environmental and Natural Resources Division

## STIPULATION BY PARTIES

IT IS HEREBY STIPULATED AND AGREED between the parties, the United States Attorney's Office for the Eastern District of Michigan, the U.S. Department of Justice, Criminal Division, Fraud Section, and the U.S. Department of Justice, Environment and Natural Resources Division, Environmental Crimes Section (the "government"), defendant EMANUELE PALMA, and defendant's counsel, that this Court issue an Order protecting from disclosure to the public information or documents provided by the government to the defendant or his counsel or by the defendant to the government that are subject to this Order. The parties state as follows:

1. The government believes that documents and information which will be provided to the defendant and/or his counsel by the government or to the government by defendant, or used by either the government or the defendant in its case in chief or at any other proceeding in this case, may contain any of the following types of protected information ("Protected Information"):

   a. Personal identifiers, including social security numbers, driver's license numbers, dates of birth, bank account numbers, bank records, and addresses of participants, witnesses, and victims in this case.

    b.    Information that constitutes Confidential Business Information that must be handled in accordance with the regulations found at 40 C.F.R. part 2, subpart B, or that may constitute trade secrets as that term is used in the Trade Secrets Act, 18 U.S.C. § 1905, or any state version thereof.

    c.    Certain material obtained from the Environmental Protection Agency and the California Air Resources Board.

2.    The government believes that Protected Information also may be found in, among other things, records of statements made by witnesses to the government.

3.    The government believes that discovery in this case will be voluminous and many documents subject to discovery may contain Protected Information. Redacting the Protected Information would prevent the timely disclosure of discovery to the defendant.

4.    Accordingly, the government and, to the extent applicable, the defendant, agree to provide Protected Information without redacting such information.

5.    Access to Protected Information will be restricted as follows: (a) if produced by the government, to the defendant and the defendant's attorneys, and such attorneys' paralegals, investigators, experts, and

      other individuals employed or retained by the attorneys of record and performing services on behalf of the defendant, or other persons authorized by the Court and (b) if produced by the defendant, to the attorneys, and such attorneys' paralegals, investigators, experts, and other individuals employed or retained by the government. The above-designated individuals in subparts (a) and (b) (collectively, the "Attorney Teams") shall not:

   a. make copies for, or allow copies of any kind to be made by any other person of Protected Information;

   b. allow any other person to read or have access to Protected Information; or

   c. use Protected Information for any purpose other than in connection with the instant case.

6. Notwithstanding the foregoing, the Attorney Teams may provide Protected Information to and discuss Protected Information with Fiat Chrysler Automobiles, NV and FCA US LLC (collectively "FCA"), and other defendants, witnesses, potential witnesses, subjects or targets in this matter as well as their attorneys (including paralegals, investigators, experts, and other individuals employed or retained by their attorneys) (collectively, the "Qualified Parties"), provided that such Qualified Parties

  (a) acknowledge and agree not to disclose the Protected Information to anyone and (b) acknowledge and agree not to use Protected Information for any purpose other than in connection with the instant case.

7. The Attorney Teams shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Court's Order.

8. Disclosure of documents pursuant to this Court's Order shall not in and of itself constitute a waiver of any applicable privilege (including but not limited to the attorney-client privilege, attorney work product privilege, or deliberative process privilege).

9. This Order shall not restrict the use or introduction as evidence of any otherwise admissible documents or materials containing Protected Information during any stage of this matter so long as such documents or materials are filed under seal or the government or the defendant redacts the Protected Information from any publicly accessible copy of the documents or electronically stored information. The filing of Protected Information under seal shall be permitted by this Order without any further sealing order or other order by this Court.

10. If the Attorney Teams learn that, by inadvertence or otherwise, they have disclosed Protected Information to any person or in any circumstance not

authorized under this Court's Order, they must promptly make reasonable efforts to (a) notify the opposing party in writing of the unauthorized disclosures, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (c) retrieve all unauthorized copies of the Protected Information.

11. Upon conclusion of this action, the defendant's attorneys of record shall return to government counsel or destroy and certify to government counsel the destruction of all discovery documents containing Protected Information within a reasonable time, not to exceed thirty days after the conclusion of the case, including any appeal in the event of an appeal. This provision does not require the return or destruction of documents containing Protected Information that have been incorporated into confidential attorney work product.

12. The government or the defendant shall be permitted to seek modification of this Order.

IT IS SO STIPULATED.

| | |
|---|---|
| /s/ Henry P. Van Dyck | /s/ Neil H. MacBride |
| HENRY P. VAN DYCK | Attorneys for Defendant |
| Deputy Chief | NEIL H. MACBRIDE |
| U.S. Department of Justice | GREG D. ANDRES |
| Criminal Division, Fraud Section | KENNETH M. MOGILL |

/s/ Timothy J. Wyse
TIMOTHY J. WYSE
Assistant United States Attorney
Eastern District of Michigan

/s/ Todd W. Gleason
TODD W. GLEASON
Senior Trial Attorney
U.S. Department of Justice
Environmental Crimes Section
Environment and Natural Resources Division

Dated: March 12, 2021