# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

-vs-                              No. 2:19-cr-20626-NGE-DRG

EMANUELE PALMA,            HON. NANCY G. EDMUNDS

       Defendant.

                            /

## DEFENDANT EMANUELE PALMA'S
## REPLY IN SUPPORT OF MOTION FOR
## <u>RULE 16 AND BRADY MATERIAL</u>

## **INTRODUCTION**

Emanuele Palma has moved for production of materials subject to Federal Rule of Criminal Procedure 16 and *Brady*, on the grounds that the government has withheld documents or produced them only in redacted form, without providing adequate information to support its claims of privilege. *See* Def. Mot. (ECF No. 116) at 16. Further, in its response, the government concedes that it neither possesses nor has reviewed the withheld and redacted materials for either privilege issues, or to identify *Brady* material. Gov. Resp. (ECF No. 124) at 5. This Court has previously ruled that the agencies in question—DOJ ENRD, the SEC, the EPA, and CARB—are part of the prosecution team for discovery purposes, ordering the government to produce Rule 16 and *Brady* materials in their possession. *See* Nov. 17, 2020 Order (ECF No. 58) at 19. The government bears the discovery obligations on behalf of all members of the prosecution team. The government's response, therefore, makes clear that the government has not complied with its Rule 16 and *Brady* obligations, that it has not complied with the Court's November 17, 2020 Order, and that it has not exercised due diligence to determine whether materials have been improperly withheld from Mr. Palma and whether the asserted privilege claims are legitimate. Mr. Palma has raised these issues previously, and the government has not sought to correct its inadequate privilege assertions; the Court therefore should require the production of all withheld material.

# ARGUMENT

## A. The produced logs are insufficient to support claims of privilege.

The government argues that the privilege logs produced to Mr. Palma are sufficient in form to support claims of privilege. They are not. Even if a claim of privilege were sufficient to overcome a defendant's right to exculpatory material, the government has failed to substantiate the adequacy of the privilege assertions in the produced logs.[1]

The privilege logs provided by the government are inadequate to justify the purported privilege claims because they: (1) claim privilege for documents without identifying any relevant attorneys, (2) claim deliberative process privilege for documents involving both state and federal agencies, (3) claim attorney client and work product privilege for meeting invites, without any indication that they contained substantive information, and/or (4) claim privileges for documents with no privilege rationale whatsoever. As a general matter, they also lack Bates numbers corresponding to this matter, fail to identify attorneys on communications, and in some instances are missing explanations of why the document withheld or

---

[1] There is no clear privilege basis for the government to withhold or redact documents to which Mr. Palma has a constitutionally protected right. *See* Def. Mot. at 13 n.7. At least one court in this circuit has suggested constitutional rights to *Brady* materials supersede privilege claims. *See Robb v. Bradshaw*, No. 2:02-cv-535, 2009 WL 799066, at *2 (S.D. Ohio Mar. 23, 2009) (explaining documents subject to work product protections "might nevertheless contain *Brady* materials to which Petitioner [was] entitled").

redacted is privileged. These concerns go unanswered in the government's response. The government has not responded to the 34 specific example log entries or four categories of insufficient privilege designations identified in Mr. Palma's motion. Def. Mot. at 16-20. Instead, the government cites to portions of a privilege log that Mr. Palma has not challenged to support its claim that the privilege logs are adequate. Gov. Resp. at 15 (discussing Mr. Palma's Sealed Ex. 13). Revised privilege logs would not resolve the identified issues. For example, despite the requirement that claims of attorney client privilege indicate the attorney who participated in the exchange, Mr. Palma has pointed to examples on the privilege logs where no attorney is included in the listed metadata. *See* Def. Mot. at 16. A revised privilege log should not change the participants in a logged exchange.

      The government's only defense for these shortcomings is to argue that the produced logs are similar to those found to be sufficient in *Carhartt, Inc. v. Innovative Textiles Inc.*, 333 F.R.D. 118 (E.D. Mich. 2019). Gov. Resp. at 14-15. Unlike in *Carhartt*, many of the DOJ-produced logs provide inadequate or missing privilege log descriptions and do not identify "whether the sender or recipient is an attorney."[2] *Carhartt*, 333 F.R.D. at 121; Def. Mo. at 8. The log in *Carhartt* also did

---

[2] The government argues that certain produced privilege logs do not relate to this matter. Gov. Resp. at 9 n.3. Because of the lack of corresponding Bates numbers, Mr. Palma cannot ascertain this independently. The government also does not clarify whether Mr. Palma's Sealed Ex. 9 corresponds to this matter. Regardless,
(….continued)

3

not include the same categories of improperly logged documents, such as emails withheld for "deliberative process privilege" that include both EPA and CARB participants. Def. Mot. at 9-13. *See*, *e.g.*, Mr. Palma's Sealed Ex. 3, line 1.

Importantly, the government's failures to timely and adequately assert privilege over withheld Rule 16 and *Brady* materials have continued even during the pendency of this motion. On April 20, 2022, after Mr. Palma filed the instant motion, and over a year after the government represented to Mr. Palma that his requests for privilege logs "ha[d] been resolved," the government finally produced a privilege log from CARB. *See* Ex. B, Apr. 19, 2021 Letter from DOJ to Counsel for Palma; Ex. C, Apr. 20, 2022 DOJ Production Index. Finally, the government has yet to produce a log of documents withheld by the SEC, another member of the prosecution team, despite defense requests for privilege logs from all agencies subject to the Court's November 17, 2020 Order.[3]

---

(continued….)
that log does not comply with the requirements of *Carhartt* because it lacks any privilege description. Likewise, in Mr. Palma's Sealed Ex. 4, each entry appears to have nearly the exact same privilege description in the comments field and no clarification of whether the document had been withheld or redacted (noting for each that the disposition was "Withhold in entirety or Release with Redactions").

[3] Given the timing of the production of the CARB privilege log, this motion does not present an exhaustive list of its deficiencies, which Mr. Palma detailed to the government on May 9, 2022, Ex. D; *see also* Ex. E (May 20, 2022 DOJ Response). Mr. Palma also reserves the right to challenge the content and timeliness of any SEC logs, which have yet to be produced, if it in fact withheld or produced documents in redacted form.

### B. The government bears responsibility for *Brady* material in the possession of the prosecution team.

In its November 17, 2020 Order, the Court granted Mr. Palma's motion to compel production of Rule 16 and *Brady* materials in the possession of certain civil agencies on the basis that they are part of the prosecution team in this case, and held that "the government's discovery obligations extend to civil agencies that were involved in the investigation of [the] defendant," including DOJ ENRD, the SEC, the EPA, and CARB, and that the government was "required to determine whether these agencies have any additional materials that fall within the scope of *Brady* and Rule 16." Nov. 17, 2020 Order at 17-20. Mr. Palma understands that the materials that are the subject of this motion were identified by those agencies as responsive to the Court's order but were withheld or redacted by those agencies. Gov. Resp. At 8-9. As the government concedes, however, it never reviewed these withheld or redacted responsive materials. Gov. Resp. at 5, 10, 18 n.5.

The government has ultimate responsibility for the production of Rule 16 and *Brady* materials in the possession of the prosecution team, and that responsibility may not be delegated away. *See United States v. McClellon*, 260 F. Supp. 3d 880, 885 (E.D. Mich. 2017) (noting that the "prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable" even in situations where the evidence is "known only to

5

police investigators and not to the prosecutor").[4] The government must produce any exculpatory evidence it has "knowledge of and access to," including materials in the possession of any agencies that participated in the investigation or cooperated in the prosecution. *United States v. Skaggs*, 327 F.R.D. 165, 174 (S.D. Ohio 2018).[5] That the agencies have identified likely *Brady* materials as potentially privileged does not change the government's obligation.

**C.     The government should not be rewarded for its inaction with another chance to prepare an adequate privilege log.**

The government has long been aware of issues in the produced privilege logs and it has taken no steps to address them. Providing the government with an additional chance to revise its privilege logs will not fix these issues. The Court's November 17, 2020 Order – now more than 18 months old – required the government to produce materials "that fall within the scope of *Brady* and Rule 16"

---

[4] Department of Justice guidance confirms that, even for evidence gathered by civil attorneys or regulatory agencies, "the prosecutor is ultimately responsible for compliance with discovery obligations" and "should not delegate the disclosure determination itself" to others involved in the review. DOJ Manual § 9-5.002.

[5] The government's failure to review the withheld Rule 16 and *Brady* material is another example of the government's attempts to abdicate responsibility for its discovery obligations. As the Court is aware, only after Mr. Palma filed a motion did the government produce documents in the possession of a DOJ filter team, after initially declining to "take a position on Mr. Palma's Motion." Dec. 27, 2021 Stipulation and Order (ECF No. 106) at 4; *see also* Ex. A, Nov. 8, 2021 Letter from DOJ to Counsel for Palma (stating that "[i]f your client believes they are entitled to this material, they may seek relief from the Court" and taking "no position on your proposed motion").

in the possession of DOJ ENRD, the SEC, the EPA, and CARB. The Court-ordered deadline for the production of those Rule 16 and *Brady* materials was March 15, 2021, a deadline that was later extended to May 17, 2021, in part because of "EPA materials that require[d] review for potential privilege." *See* Apr. 7, 2020 Stipulation and Order (ECF No. 70). Accordingly, this Court should exercise its discretion to find the government has waived privilege over all of the improperly logged categories of documents.

## **CONCLUSION**

For the foregoing reasons, and for those set out in Mr. Palma's motion, Mr. Palma respectfully requests that the Court grant his motion.

Dated: May 27, 2022

Respectfully submitted,

| | |
|---|---|
| /s/ Greg D. Andres | /s/ Kenneth M. Mogill |
| GREG D. ANDRES | KENNETH M. MOGILL |
| (NY Bar No. 2845568) | (MI Bar No. P17865) |
| PAUL J. NATHANSON | Mogill, Posner & Cohen |
| (DC Bar No. 982269) | 27 East Flint, 2nd Fl. |
| Davis Polk & Wardwell LLP | Lake Orion, MI 48362 |
| 450 Lexington Avenue | (248) 814-9470 |
| New York, NY 10017 | kmogill@bignet.net |
| (212) 450-4000 | |
| greg.andres@davispolk.com | Attorneys for Emanuele Palma |