UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                          Case No. 19-20626

v.                                           Honorable Nancy G. Edmunds

EMANUELE PALMA (D-1),

                Defendant.

_____/

## ORDER DENYING DEFENDANT EMANUELE PALMA'S MOTION
## FOR PRODUCTION OF GRAND JURY TRANSCRIPT [112]

The matter is before the Court on Defendant Emanuele Palma's motion for production of the grand jury transcript. (ECF No. 112.) The government opposes the motion. (ECF No. 121.) Defendant has filed a reply. (ECF No. 126.) The Court held a hearing on the motion on May 24, 2022. For the reasons below, the Court DENIES Defendant's motion.

## I.    Background

On September 18, 2019, the grand jury returned an indictment charging Defendant, an engineer who specializes in the calibration of diesel vehicle engines and currently works for Fiat Chrysler Automobiles ("FCA"), with thirteen counts: one count of conspiracy to defraud the United States, violate the Clean Air Act, and commit wire fraud in violation of 18 U.S.C. § 371 (Count 1); six counts of violations of the Clean Air Act under 42 U.S.C. § 7413(c)(2)(A) (Counts 2-7); four counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 8-11); and two counts of making false statements in violation of 18 U.S.C. § 1001(a) (Counts 12-13). (ECF No. 1.) The indictment charged Defendant with

participating in a conspiracy to mislead regulators and customers about the emissions control systems in the Model Year 2014-2016 versions of FCA's Jeep Grand Cherokee and Ram 1500 vehicles (the "Subject Vehicles").  More specifically, Defendant and his co-conspirators are alleged to have fraudulently calibrated the emissions control systems on the Subject Vehicles to produce less nitrogen oxide ("NOx") emissions on the federal test procedures than when they were being driven by customers in the real world.

On November 17, 2020, the Court entered an opinion and order dismissing the wire fraud charges (Counts 8-11) along with Count 1 to the extent it charged Defendant with conspiracy to commit wire fraud due to an insufficient causal link between the alleged deceit and FCA customers' loss of money.  (ECF No. 58.)  That order also granted Defendant's motion for discovery, requiring the government to disclose any materials that fall within the scope of *Brady* and Rule 16 in the possession of the regulatory agencies that participated in the investigation of this case.  The government appealed the dismissal of the wire fraud charges but later moved to voluntarily dismiss the appeal.

On March 3, 2021, before the discovery materials had been produced pursuant to the Court's order, the government filed a first superseding indictment, charging Defendant with the same counts that survived his first motion to dismiss along with a newly charged conspiracy to commit wire fraud; more specifically, the superseding indictment charged Defendant with one count of conspiracy to defraud the United States and violate the Clean Air Act in violation of 18 U.S.C. § 371 (Count 1); six counts of violations of the Clean Air Act under 42 U.S.C. § 7413(c)(2)(A) (Counts 2-7); one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count 8); and two counts of making false

statements in violation of 18 U.S.C. § 1001(a) (Counts 9-10).[1]  (ECF No. 64.)  On October 28, 2021, the Court entered an opinion and order granting Defendant's motion to dismiss Count 8, finding that the scheme to defraud alleged in the superseding indictment was still insufficient to support a conspiracy to commit wire fraud charge.  (ECF No. 85.)  The government filed an appeal of that decision.  (ECF No. 91.)  The appeal remains pending before the Sixth Circuit Court of Appeals.  (6th Cir. Case No. 21-1782.)  In the meantime, the parties continue to litigate pre-trial issues so the case may proceed to trial as soon as the appeal has been decided.  Defendant's request for production of grand jury transcript is now before the Court.

## II.    Legal Standard

Federal Rule of Criminal Procedure 6(e)(3)(E) allows the Court to authorize disclosure of grand jury testimony "preliminarily to or in connection with a judicial proceeding," Fed. R. Crim. P. 6(e)(3)(E)(i), or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury," Fed. R. Crim. P. 6(e)(3)(E)(ii).  Whether to disclose grand jury testimony or other material under Rule 6(e)(3)(E) is left to the discretion of the Court.  *United States v. Short*, 671 F.2d 178, 183 (6th Cir. 1982).  Disclosure is proper only if the party seeking disclosure shows a "compelling necessity" "for breaking the indispensable secrecy of grand jury proceedings."  *Id.* at 184 (internal quotation marks and citation omitted).  "This compelling necessity must be demonstrated by establishing a particularized need rather than a general one."  *Id.*

---

[1] The superseding indictment also charged two new defendants with some of the counts.  Those defendants have not yet appeared in this case.

III.    **Analysis**

Defendant argues the grand jury transcript should be produced because 1) it likely contains exculpatory and impeachment evidence to which he is entitled under *Brady* and its progeny and 2) there may be grounds to dismiss some or all of the superseding indictment "because of a matter that occurred before the grand jury."[2]  The government argues that Defendant's motion "is rooted in speculation" and does not "not come close to upsetting the presumptions of secrecy and regularity" that surround grand jury proceedings.

Defendant's motion rests in large part on his argument that the voluminous discovery produced in this case contains exculpatory evidence that contradicts the charges brought against him.  But as the government notes, the proper venue for the dispute over any alleged inconsistencies in the evidence is trial, not the instant motion. And to the extent Defendant argues the transcript may contain impeachment evidence, the government states it does not intend to call any witness who testified before the grand jury at trial and that it provided Defendant with all known *Jencks* material for its witnesses in December of 2020.  In sum, Defendant's argument regarding the possibility that the grand jury transcript has exculpatory and impeachment evidence is speculative and insufficient to establish a particularized need for its disclosure.

Defendant also asserts that he needs the grand jury transcript to determine whether the government failed to disclose to the grand jury significant evidence negating guilt.  In support of this argument, he points to the fact that almost one million documents

---

[2] Defendant alternatively asks the Court to review the transcript in camara and order the release of the materials it finds are subject to disclosure under *Brady*.

of discovery were produced after the grand jury returned the superseding indictment.  But the Sixth Circuit has held that a prosecutor is not obligated to present exculpatory evidence to the grand jury.  *See United States v. Adamo*, 742 F.2d 927, 937 (6th Cir. 1984).  Thus, this argument does not provide a basis for disclosure of the transcript.

Finally, Defendant points to the dismissal of the wire fraud charges and several discovery disputes between the parties to argue the history of this case rebuts the presumption of secrecy that usually surrounds grand jury proceedings.  The Court finds this argument unpersuasive.  While there have been some disputes between the parties, the Court does not find evidence of bad faith on the part of the government.  Nor does the inconsistency identified by the Court in its previous order regarding the government's theory as it relates to the wire fraud charge lead to the conclusion that the grand jury transcript may provide a basis for a motion to dismiss any of the other counts.

In sum, Defendant has not shown a "compelling necessity" for breaking the secrecy of the grand jury proceedings.[3]  The Court therefore declines to authorize disclosure of the grand jury transcript.

## IV.    Conclusion

For the reasons above, Defendant's motion for the grand jury transcript is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 3, 2022

---

[3] The government argues there is a heightened need for secrecy here because the grand jury's functions have not necessarily concluded in light of the fact that Defendant's co-defendants have not yet appeared in this case and the government is seeking their extradition to this country.  Because Defendant has not met his burden of showing he is entitled to the relief he seeks, the Court need not resolve this issue.

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 3, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager