UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

D-1 EMANUELE PALMA,

           Defendant.
_____/

Case No. 19-20626

Nancy G. Edmunds
United States District Judge

David R. Grand
United States Magistrate Judge

## ORDER GRANTING IN PART DEFENDANT EMANUELE PALMA'S MOTION FOR RULE 16 AND *BRADY* MATERIAL (ECF No. 116)

**Background**

*The Indictment*

On September 9, 2018, defendant Emanuele Palma ("Palma") was indicted on charges that he: (1) violated the Clean Air Act, 42 U.S.C. § 7413; (2) made false statements to a federal agency, in violation of 18 U.S.C. § 1001; (3) committed wire fraud, in violation of 18 U.S.C. 1343; and (4) conspired to defraud the United States, violate the Clean Air Act, and commit wire fraud, in violation of 18 U.S.C. § 371.  (ECF No. 1).  The charges arise out of Palma's alleged role in a scheme to mislead the Environmental Protection Agency ("EPA"), the California Air Resources Board ("CARB"), and others "by making and causing others to make false and misleading representations about (a) the design, calibration, and function of the emissions control system used on [certain vehicles manufactured by his then-employer, Fiat Chrysler Automobiles N.V. ("FCA")], and (b) the emissions of pollutants from [those vehicles]." (*Id.*, PageID.11).  In short, the government

alleges that Palma fraudulently calibrated the emissions control systems on certain FCA diesel vehicles to produce lower nitrogen oxide ("NOx") emissions under conditions when the vehicles would be undergoing federal certification testing, and higher NOx emissions when the vehicles were driven by consumers in the real world. Palma is also alleged to have made numerous misrepresentations related to the unlawful scheme.[1]

*Prior Order Regarding Discovery from Federal and State Agencies Involved in the Criminal Investigation of Palma*

On November 17, 2020, Judge Edmunds entered an Opinion and Order which, among other things, granted Palma's motion for discovery. (ECF No. 58, PageID.1561-67) (the "Discovery Order"). Palma had sought an order requiring **the government** to produce materials discoverable under Federal Rule of Criminal Procedure 16 and any exculpatory *Brady* materials **in the possession of the regulatory agencies that participated in the investigation of Palma**, including the EPA (and its Office of Transportation and Air Quality ("OTAQ") and its Air Enforcement Division ("AED")), the Environmental Enforcement Section of the Department of Justice ("DOJ-ENRD Civil"), the U.S. Securities and Exchange Commission ("SEC"), and the CARB (collectively, "the Investigative Agencies"). The government resisted Palma's request for that information, arguing that it could only be required to disclose materials in the possession of members of **its prosecution team**. Ultimately, Judge Edmunds sided with Palma and held that "the government's discovery obligations extend to [the named] civil agencies that were involved in the investigation of [Palma]," *i.e.*, the Investigative Agencies, because each of

---

[1] A superseding indictment has been filed, adding two co-conspirator defendants. (ECF No. 64).

those "civil agencies participated in the decision to charge [Palma], [] were involved in the investigation[,] and provided detailed information regarding the facts and allegations that led to the indictment in this case." (*Id.*, PageID.1564, 1566). Thus, although no specific timeframe for doing so was specified, Judge Edmunds ordered the government "to determine whether these [Investigative A]gencies have any additional materials that fall within the scope of *Brady* and Rule 16" and "to produce any [such materials]." (*Id.*, PageID.1566, 1569). In other words, although the relevant documents are in the possession of the Investigative Agencies, the Discovery Order ***obligated the government***, and thus the prosecutors in this case, "to determine" whether discoverable materials exist and "to produce" them to Palma. (*Id.*).²

Whatever its efforts have been, the government has not fulfilled its obligations under the Discovery Order. Rather than "determining" whether the Investigative Agencies have additional discoverable materials to produce, the government merely obtained voluminous privilege logs from those Agencies (the "Privilege Logs"), which it then passed along to Palma. To be clear, the government admits it had no role in the preparation of the Investigative Agencies' Privilege Logs, has not reviewed any of the 10,000+ documents identified therein that have either been withheld entirely from Palma or produced in redacted form, and therefore has done nothing to test the validity of the privilege assertions.

---

² This is consistent with the Department of Justice's own internal procedures as to the criminal discovery process. Indeed, the DOJ's Manual provides, "[a]lthough prosecutors may delegate the process and set forth criteria for identifying *potentially* discoverable information, prosecutors should not delegate the disclosure determination itself." (DOJ Manual, § 9-5.002, https://www.justice.gov/jm/jm-9-5000-issues-related-trials-and-other-court-proceedings, last visited September 11, 2022) (italics in original).

3

*Palma's Instant Motion to Compel Rule 16 and Brady Material*

On April 5, 2022, Palma filed a "Motion for Rule 16 and *Brady* Material." (ECF No. 116).[3] In short, Palma contends that the privilege logs produced to him by the government – but which were prepared by the Investigative Agencies without the government's input – are insufficiently detailed to enable him to determine whether the asserted privileges are proper. More specifically, Palma asserts that he:

> has no ability to determine whether the asserted privileges apply to the logged material, because the [privilege] logs list: (1) email communications withheld in their entirety pursuant to a purported attorney client privilege or work product protection, where there is no indication in the privilege logs that any attorneys were involved in the communications; (2) email communications between EPA and CARB that were withheld or redacted on "deliberative process" grounds, where there is no indication that the discussion occurred "within [or] among federal agencies,"; (3) meeting invites withheld in their entirety, where there is no indication that they included anything more than the meeting information; and (4) documents for which there is no privilege description whatsoever.

(*Id.*, PageID.4481).

Palma – perhaps understandably given the voluminous Privilege Logs – did not identify each specific challenged entry, but rather provided 34 "sample excerpts" from the Logs along with a brief discussion of his four general objections. (*Id.*, PageID.4495-99; ECF No. 117-5, PageID.7549-60). Ultimately, Palma asks the Court to order the government to either (1) "produce documents to which [he] is entitled pursuant to Rule 16 and *Brady* that the government has withheld as privileged or produced with redactions

---

[3] This motion has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 118).

where the privilege logs fail to substantiate assertions of privilege," or (2) "produce a privilege log identifying the specific documents withheld from production to Mr. Palma in this matter—or produced with redactions—with sufficient detail to support the government's purported privilege claims." (*Id.*, PageID.4500).

In response, the government first argued that it complied with the Discovery Order because it "produc[ed] more than a million additional documents, as well as [the] corresponding [P]rivilege [L]ogs from the civil agencies." (ECF No. 124, PageID.7637).[4] Next the government argued that the Investigative Agencies' Privilege Logs "are adequate—they provide sufficient information such that they are generally in accordance with the privilege log standards of this district pursuant to *Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 118 [] (E.D. Mich. 2019)," which requires privilege logs to "contain details including: date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not produced in discovery." *Carhartt*, 333 F.R.D. at 120. The government also contends Palma's challenges to the Privilege Logs are "overbroad" and that he must identify the challenged entries "item by item." (ECF No. 124, PageID.7643). Finally, the government contends that to the extent the Privilege Logs are deficient, the appropriate relief is to provide the Investigative Agencies an opportunity to amend those Logs, rather than requiring production of the underlying documents. (*Id.*, PageID.7650-52).

---

[4] This argument is of no moment because while "a million additional documents" is obviously a massive quantity, without more context, the production of that many documents says nothing about the government's production of the specific categories of documents at issue in Palma's motion.

Palma's reply largely re-hashed the arguments made in his motion, but he noted that it was not until after he filed his motion that the government produced the CARB's privilege log, and that the government had still not produced any privilege log for the SEC. (ECF No. 133, PageID.7945). He argued that the government's alleged lack of diligence in complying with the Discovery Order proves that "[p]roviding [it] with an additional chance to revise its [P]rivilege [L]ogs will not fix these issues," and that the Court should therefore "exercise its discretion to find the government has waived privilege over all of the improperly logged categories of documents." (*Id.*, PageID.7947-48).

Following a telephonic status conference with the Court regarding Palma's motion, Palma filed a supplemental brief in which he asserts that the parties "appear to agree that the government should produce revised privilege logs," but that they "do not appear to agree on the government's obligations with respect to the privilege determinations reflected in those revised privilege logs, or on the scope and timing of the government's obligation to ensure that *Brady* materials are produced to Mr. Palma." (ECF No. 152, PageID.8167-68). Palma proposed that the Court order the government to produce revised Privilege Logs "that provide for each document logged, at minimum: (i) the relevant attorneys for each claim of attorney-client and work product privilege, and identify them as attorneys in the privilege log entry; (ii) a sufficiently detailed description of the document and privilege claimed from which it may be determined whether the privilege claimed by the government applies to the document at issue, including, where applicable, (a) the government's basis, if any, for withholding meeting invites, (b) the government's basis, if any, for claiming deliberative process privilege over communications between federal and state agencies, (c)

6

the government's privilege basis from federal, rather than state law, and to the extent the government asserts a state law privilege, the applicability of the state law privilege under federal law, and (d) the government's basis, if any, for withholding documents pursuant to gag orders in other litigations; (iii) missing metadata, including sender and recipient information; and (iv) Bates numbers corresponding to the document identifier used in this matter (DOJ-PROD-XXX) for documents produced with redactions." (*Id.*, PageID.8169-70). Palma agreed that it would be reasonable to allow the government 60 days to provide the requested information. (*Id.*, PageID.8170). The government responded, noting the bind it finds itself in; while the government explicitly recognized its obligations under the Discovery Order, it contends that it "is not able to take a position, much less defend, the substantive privilege challenges Defendant Palma makes to the civil agencies' privilege logs . . . because the civil agencies created those privilege logs and are the custodians of the materials that they have logged and withheld or redacted on the basis of privilege." (ECF No. 154, PageID.8175). The government again noted that it "does not possess these logged civil agency documents nor has [it] reviewed them." (*Id.*). The government requested an opportunity to submit a motion for a "Rule 502(d)" order which it contends would allow it to "review the logged civil-agency documents and to produce all discoverable Civil Agency Materials to the Defendant while protecting privilege claims asserted by the civil agencies regarding those materials." (*Id.*, PageID.8176). *See* Fed. R. Evid. 502(d) ("A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding.").

Palma filed a reply, asserting that "[t]here are at least five prosecutors currently assigned to this case, and others available to the government, and thus ample resources to provide revised privilege logs and ensure the production of *Brady* information within thirty days, and certainly within sixty days." (ECF No. 155, PageID.8183).

*The Government's Rule 502(d) Motion*

On August 25, 2022, the government filed a "Motion for a Rule 502(d) Order," asking the Court to enter an order finding "that disclosure of the civil agencies' documents to the United States—and, ultimately, the anticipated disclosure of the discoverable Civil Agency Materials to the Defendant—does not constitute a waiver of any applicable privilege(s) or protection(s) in this case or any other federal or state proceeding, case, matter, or investigation." (ECF No. 157). Palma promptly responded, explaining that while he took no position as to the government's motion, any order on that motion should make clear that it did not alter the obligations imposed on the government in the Discovery Order. (ECF No. 159). On August 30, 2022, the Court entered an order that satisfied both sides' concerns; indeed, the Court expressly recognized Palma's contention that the government had not complied with its obligations under the Discovery Order. (ECF No. 160).

**Applicable Standards**

Pursuant to Federal Rule of Criminal Procedure 16(a), the government must disclose certain evidence to the defendant in the government's "possession, custody, or control," including, as relevant here, documents that are material to preparing the defense. Fed. R. Crim. P. 16(a)(1)(E)(i). *See also* Fed. R. Crim. P. 16(a)(1)(B)(i); Fed. R. Crim. P.

8

16(a)(1)(F). Under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the government must disclose to the defendant "material evidence that is favorable to the defendant over which the prosecution team has control." *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007).

To the extent the government asserts that materials are not subject to production due to the existence of a privilege, it bears the burden of establishing that the claimed privilege applies. *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983). It must also provide the defense with a privilege log that "contain[s] details including: date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not produced in discovery." *Carhartt*, 333 F.R.D. at 120. It is axiomatic that the log must be sufficiently detailed to allow the defendant to make a reasonable assessment of the asserted privilege's applicability. *See Ypsilanti Cmty. Utilities Auth. v. Meadwestvaco Air Sys. LLC*, No. 07-15280, 2009 WL 3614997, at *4 (E.D. Mich. Oct. 27, 2009) (party asserting privilege must provide "a sufficiently detailed description of each document from which it may be determined whether the privilege applies to the documents at issue"). Boilerplate descriptions and conclusory assertions do not suffice. *Id.* Where the government asserts the attorney-client privilege, it must "identify the attorney(s) on the communication, the purpose of the communication and whether or not it sought and/or conveyed legal advice." *Id.* Similarly, where the government asserts attorney-work product, it "must also summarize whether the document contains mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the party concerning the litigation." *Id.* These noncontroversial rules

9

protect against the over-designation of materials as privileged because the attorney-client privilege only applies where legal advice is sought or conveyed, and attorney-work product material is limited to materials prepared in anticipation of litigation. *Salser v. Dyncorp Int'l, Inc.*, No. 12-10960, 2016 WL 1042536, at *2 (E.D. Mich. Mar. 16, 2016).

**Discussion**

As a preliminary matter, the Court finds that Palma adequately identified the Privilege Logs' shortcomings, and that he was not required to provide a document-by-document accounting of those issues, which would have required him to regurgitate the same information thousands of times over due to the Privilege Logs' length. Indeed, the issue isn't with Palma's identification of the Privilege Logs' four general deficiencies, but with the fact that the government, having not prepared the Logs or reviewed the underlying documents, has no way of meaningfully addressing and rectifying any deficiencies.

The first deficiency identified by Palma is "missing attorney information," that is, entries on the Privilege Logs that assert attorney-client or work product privileges, but do not appear to identify any attorney involved in the document's preparation or review, or whether the document actually contains an attorney's mental impressions, opinions, etc. Perhaps an unidentified attorney was involved with the documents at an earlier stage, but the government admits it is no more able to speak to that issue than Palma is because it didn't prepare the Privilege Logs and hasn't seen the underlying documents. Palma has a right to know the extent to which withheld communications involve counsel so he can make any proper challenges to the claimed privilege.

As to the Privilege Log entries that assert a deliberative process privilege, although

10

some appear to relate to e-mails between the EPA and CARB, Palma contends that because this is a federal criminal case, only deliberations "within [or] among federal agencies" are subject to the privilege, and there is no assertion that the privilege is being asserted because they reflect such deliberations, as opposed to deliberations exclusively within the province of CARB. (ECF No. 116, PageID.4496-97) (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999), and citing, among other cases, *Buford v. Holladay*, 133 F.R.D. 487, 494 (S.D. Miss. 1990), in which the court found that "the deliberative process privilege should not be extended to include state governmental agencies" because it is a "privilege of the federal executive branch of government" that "has traditionally been applied only to communications relating to policy formulations at the highest levels of the federal executive branch.") (*See also* ECF No. 117-5, PageID.7553-56).[5]  Again, the government contends it cannot speak to this issue as the privilege is being asserted by CARB and the government has not seen the underlying documents. However, at a minimum, the law is clear that in federal criminal cases, federal law of privilege applies, not state statutory or common law. *United States v. Felton*, No. CR 14-20529, 2017 WL 2276990, at *4 (E.D. Mich. May 25, 2017) (citing *U.S. v. Nelson*, 486 F.Supp. 464 (W.D. Mich. 1980) and *U.S. v. Simmons*, 964 F.2d 763 (8th Cir. 1992), *rehearing denied, certiorari denied* 113 S.Ct. 632, 506 U.S. 1011, 121 L.Ed.2d 563. *See also United States v. Calhoun*, No. CR 21-20233, 2022 WL 3684590, at *1 (E.D. Mich. Aug. 25, 2022); Fed.

---

[5] While the privilege assertions for some of these entries are difficult to assess, at least some, such as ED_004390_ 00003447, appear to be solely related to internal CARB discussion, and thus, under the authority cited by Palma, not privileged in this federal criminal case. (ECF No. 117-5, PageID.7554).

R. Evid. 501.

The final two categories are even more straightforward. Some of the Privilege Log entries list meeting invitations as being withheld in their entirety, but there is no indication that they include anything more than the meeting's logistical details, but the timing or location of a meeting, or a list of its attendees, would not seem to be privileged information. Other entries contain no description of the basis for the asserted privilege. (ECF No. 117-5, PageID.7559-60).

During the September 9, 2022 oral argument on Palma's motion, the government indicated that in light of the Court's entry of the Rule 502(d) order, and subject to the protections therein, it would be producing federal agency documents reflected on the Privilege Logs. Given the common umbrella under which the federal agencies operate, and the amount of time that has elapsed since Judge Edmunds entered the Discovery Order requiring the government – *i.e.*, the prosecutors in this case – to determine whether those agencies possess any Rule 16 or *Brady* materials and to produce any to Palma – the government's approach is a fair resolution of that aspect of the dispute. Accordingly, to the extent Palma has requested the government to produce the documents that appear on ***the federal agencies'*** Privilege Logs, the motion is **GRANTED**, and the government shall produce those documents, subject to the Rule 502(d) order, **within 30 days**. Also **within 30 days**, the government shall produce to Palma any documents within the possession of the SEC that constitute Rule 16 or *Brady* material.

The issue is more complicated with respect to CARB's documents because, although Judge Edmunds ordered the government "to determine" whether that particular

state agency (as part of the group of Investigative Agencies referenced in the Discovery Order) possessed Rule 16 and *Brady* material and "to produce" any such materials to Palma, the federal government does not control CARB. While the Court is sensitive to the challenges this creates for the government, it is fundamentally unfair to permit it to prosecute Palma using documents provided to it by CARB, but then not provide Palma all of CARB's discoverable documents, or at least an adequate and proper privilege log for the documents CARB has withheld and/or redacted. Having considered all of the foregoing, and the fact that, by stipulation of the parties, Palma's trial date is not presently set because other aspects of the case are on appeal (ECF Nos. 108, 109), **within 60 days** the government shall provide Palma with either the more detailed CARB privilege log he has requested, *see supra* at 6-7, or, for any underlying document for which a privilege is no longer being asserted, an unredacted copy of the document itself.

**SO ORDERED.**

Dated: September 12, 2022　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE

The parties' attention is drawn to Fed. R. Crim. P. 59(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. § 636(b)(1).

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2022.

                                            s/Eddrey O. Butts
                                            EDDREY O. BUTTS
                                            Case Manager