UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

      Plaintiff,

                                          CASE NO. 2:19-cr-20626-NGE-DRG

v.

**EMANUELE PALMA,**

      Defendant

_____/

**UNITED STATES' MOTION FOR *IN CAMERA* REVIEW AND RULING ON DISCOVERABILITY OF CERTAIN EPA MATERIALS**

      The United States respectfully submits this Motion seeking a determination from the Court that two versions of one document produced to the U.S. Department of Justice by the U.S. Environmental Protection Agency ("EPA") are not discoverable. The United States collected this document, among other EPA materials, as part of its efforts to comply with the Court's discovery orders in this case, including the Court's September 12, 2022 Order requiring the United States to produce "the documents that appear on [the EPA's] Privilege Logs." ECF No. 162 at 12. The United States' position is that all versions of this document collected and logged by the EPA and provided to the United States in response to the Court's discovery orders, and over which the EPA is maintaining attorney-client privilege

1

and work product protection, are not discoverable because they do not contain information that must be disclosed to the Defendant under Federal Rule of Criminal Procedure 16 or pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). However, out of an abundance of caution and to ensure compliance with the Court's orders, the United States wishes to provide the Court with copies of the two versions of the document (excluding duplicates) to review *in camera*. Without waiving any applicable privileges, the United States provides a high-level description of the documents in this Motion to aid the Court's review and permit the Defendant to respond if he wishes. If the Court grants this Motion and has questions about the documents during its *in camera* review, the United States could of course address any questions in a sealed, *ex parte* proceeding on the record. On October 7, 2022, counsel for the United States conferred by email with counsel for the Defendant, who opposes this Motion.

## I. Relevant Background

As this Court is aware, the United States has charged the Defendant with: (1) conspiring to defraud the United States and to violate the Clean Air Act, in violation of 18 U.S.C. § 371; (2) violating the Clean Air Act, in violation of 42 U.S.C. § 7413; (3) conspiring to commit wire fraud, in violation of 18 U.S.C. 1349; and (4) making false statements to a federal agency, in violation of 18 U.S.C. § 1001. *See* ECF Nos. 1, 64. These charges stem from the Defendant's participation in a conspiracy to

mislead regulators, customers, and the public about the emissions control systems in certain FCA 3.0-liter diesel engines to fraudulently sell more than 100,000 diesel vehicles in the United States.

On November 17, 2020, this Court ordered that the United States' discovery obligations in this case extended to each of the civil agencies involved in investigating the Defendant's allegedly criminal conduct—namely, the U.S. Securities and Exchange Commission ("SEC"); the EPA; the Environmental Enforcement Section of the Department of Justice ("DOJ-ENRD Civil"); and the California Air Resources Board (CARB) (collectively, "the Civil Agencies"). ECF No. 58 at 17. To comply with that Order, the United States produced responsive documents from each of the Civil Agencies, and provided the Defendant with privilege logs prepared by the EPA, DOJ-ENRD Civil, and CARB, recording the documents that these Civil Agencies withheld or redacted as privileged. The Defendant objected to the adequacy of the privilege logs and moved for an order that the underlying documents be produced directly to the Defendant or that the privilege logs be revised. *See* ECF No. 116.

Counsel for both parties engaged in motions practice regarding these privilege logs and subsequent negotiations in an effort to narrow the potential disputed issues. As part of that effort and to facilitate the direct disclosure of any discoverable but potentially privileged documents in the possession of the Civil Agencies, the United

States moved this Court to enter an Order under Federal Rule of Evidence 502(d), clarifying that disclosure of the Civil Agencies' discoverable documents to the United States—and, ultimately, to the Defendant—does not constitute a waiver of any applicable privilege(s) or protection(s). ECF No. 157. On August 30, 2022, the Court granted the United States' motion and entered a Rule 502(d) order. *See* ECF No. 160.

On September 12, 2022, following oral argument on the Defendant's motion for production of privileged Civil Agency materials or revised privilege logs, the Court entered an additional Amended Order granting that motion in part. As relevant to the instant Motion, the Court ordered that within 30 days, the United States produce "the documents that appear on the federal agencies' Privilege Logs" and "any documents within the possession of the SEC that constitute Rule 16 or *Brady* material." ECF No. 162 at 12. To comply with the Court's Amended Order, the United States collected all previously logged materials from DOJ-ENRD Civil and the EPA, and reviewed and collected additional documents from the records of the SEC. During this process, the United States also learned of additional third-party records in the possession of the SEC that the United States then collected for production to the Defendant.

Earlier today, the United States produced potentially discoverable materials from the federal Civil Agencies—including (1) all previously logged documents

4

from the records of the DOJ-ENRD Civil; (2) all but two versions of one of the previously logged documents from the EPA, as described in this Motion; and (3) discoverable documents from the United States' collection and review of SEC materials[1]—pursuant to the Court's discovery orders.[2]

Two versions of one of the documents that the EPA previously logged as privileged and that the United States has since reviewed (comprising a total of six files, including drafts and duplicate copies) are privileged documents that the United States has determined are not otherwise discoverable. As such, the United States does not intend to produce these non-discoverable EPA documents to the Defendant and has redacted and withheld them from the Defendant on that basis. However, since these documents were previously logged by the EPA and therefore within the scope of the Court's September 12, 2022 Amended Order, the United States is now moving to submit the documents for this Court's review *in camera*. *See Application of Storer Communications, Inc.*, 828 F.2d 330, 334 (6th Cir. 1987) (collecting cases approving "the practice of prosecutors submitting possible *Brady* materials *in*

---

[1] Certain SEC attorney notes that the United States has reviewed and deemed potentially discoverable and responsive to the Court's orders were produced under the Rule 502(d) order with redactions of non-discoverable information. The United States has produced a log of these redactions to the Defendant.

[2] Today's production does not include materials from the records of the California Air Resources Board ("CARB"). The Court's September 12, 2022 Order provided a longer (60-day) timeline for the United States to provide either a revised privileged log or the underlying documents in possession of CARB, ECF No. 162 at 13; the United States' efforts to collect and review CARB materials for production to the Defendant are ongoing.

*camera* to the trial court in order to obtain a pretrial determination of whether disclosure is required"); *see also United States v. Bases*, No. 18 CR 48 (N.D. Ill. July 2, 2021), ECF No 588 at PageID#7224-7225 (reviewing the government's *in camera* submissions of privileged, non-discoverable CFTC materials and finding that none of the government's submitted documents was discoverable under Fed. R. Crim. P. 16(a)(2) or *Brady*).

For the reasons explained below, the United States respectfully moves the Court to accept the United States' submissions *in camera* and confirm the United States' position that these EPA documents are not discoverable.

## II. Legal Standards

Rule 16 requires the United States to provide discovery of documents that are "material to preparing the defense" or which "the government intends to use … in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(E). But Rule 16 does not permit a defendant to examine "[g]overnment work product in connection with his case." *United States v. Armstrong*, 517 U.S. 456, 463 (1996); *see* Rule 16(a)(2) ("[T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."). As a result, the Rule does not require the disclosure of "internal government notes and memoranda," including those internal notes reflecting communication with "other

representative[s] from the federal government." *United States v. Mills*, 16-cr-20460, 2019 WL 4051726, at *3 (E.D. Mich. Aug. 28, 2019).

*Brady* requires the United States to disclose evidence that is favorable to a defendant if the evidence is material to guilt or punishment. *See* 373 U.S. at 87. This "duty encompasses impeachment evidence as well as exculpatory evidence." *Strickler v. Greene*, 527 U.S. 263, 280 (1999). But courts have recognized that "the prosecutor is not required to deliver his entire file to defense counsel." *United States v. Bagley*, 473 U.S. 667, 675 (1985). While the government must disclose "*evidence* favorable to the accused that, if suppressed, would deprive the defendant of a fair trial," *id.* (emphasis added), there is no obligation to disclose attorneys' analysis and impressions of that underlying evidence. *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007) ("Where, like here, 'the factual basis for a claim' is 'reasonably available to' the petitioner or his counsel from another source, the government is under no duty to supply that information to the defense." (quoting *Strickler*, 527 U.S. at 283 n.24)); *see also Morris v. Ylst*, 447 F.3d 735, 742 (9th Cir. 2006) ("Thus, in general, a prosecutor's opinions and mental impressions of the case are not discoverable under *Brady* unless they contain underlying exculpatory facts."). Courts have also found that this rule extends to the opinion work product of other government attorneys. *See, e.g., United States v. Carroll*, No. 19 CR 545 (CM), 2020 WL 1862446, at *10 (S.D.N.Y. Apr. 14, 2020) ("The thoughts and impressions of SEC

7

staff concerning its case and investigation are not *Brady* material. The evidence that matters is not an attorney's opinion, but the underlying facts.").

### III. Description of the Proposed *In Camera* Submissions

The proposed *in camera* submissions consist of two versions of one document from the records of the EPA. The United States does not intend to offer these documents into evidence during its case-in-chief, nor does it intend to call any of the attorney-authors of the documents as witnesses. The documents are two versions (one of which is marked "DRAFT") of a litigation risk assessment memorandum prepared by a DOJ-ENRD Civil attorney or attorneys in connection with the government's civil case against FCA. Each version of the memorandum summarizes the evidence developed as of the date that it was written (reflected on the documents "as of" September 17, 2018), as well as the strengths and potential litigation risks or weakness of that civil case. To the extent that the attorney-authors of these documents discuss specific evidence, the United States has confirmed that that evidence has been independently disclosed to the Defendant during discovery.

The memorandum appears a total of six times in the United States' production to the Defendant, including in draft and duplicate form and as part of an attachment emailed to various EPA personnel including potential government witness Eleanor

Kane.³ The United States has produced the emails to which the memorandum is attached, as well as fully redacted versions of the memorandum itself, to the Defendant.⁴ Where the memorandum appears as part of an email attachment combining multiple documents into a single PDF, only the memorandum itself has been redacted. The United States proposes to submit the two versions of the memorandum (excluding duplicates) in their entirety for the Court's *in camera* review.

### IV. Discussion

The previously logged EPA documents that the United States proposes to submit *in camera* are not discoverable under Rule 16 because they do not include relevant facts not otherwise disclosed to the Defendant; instead, they are "internal government documents made by an attorney for the government" that are specifically excluded from Rule 16's disclosure requirements. *See* Rule 16(a)(2); *Mills*, 2019 WL 4051726, at *3 (denying defendant's discovery request for "all notes or other memoranda reflecting any conversation or communication with representatives of the United States Attorney's Office, including but not limited to

---

³ Produced to the Defendant as EPA-DOJ-502(D)-0000018438, EPA-DOJ-502(D)-0000018473, EPA-DOJ-502(D)-0000018620, EPA-DOJ-502(D)-0000076753, EPA-DOJ-502(D)-0000084283, EPA-DOJ-502(D)-0000084367.

⁴ *See id.*; EPA-DOJ-502(D)-0000018437, EPA-DOJ-502(D)-0000018471, EPA-DOJ-502(D)-0000018619, EPA-DOJ-502(D)-0000076752, EPA-DOJ-502(D)-0000084282, EPA-DOJ-502(D)-0000084366.

city, county, state and federal law enforcement; or any other representative from the federal government concerning this case"); *United States v. Ingersoll*, 14–cr–20216, 2014 WL 5420222, at \*13 (E.D. Mich. Oct. 22, 2014) (denying defendant's discovery request for "law enforcement reports and reports of the United States Attorney's Office or other agency").

Nor does *Brady* compel the disclosure of the *in camera* submissions. The litigation risk assessment memorandum consists of true attorney opinion work product, and the United States' discovery obligations under *Brady* do not extend to either its own views and impressions of the case, or to those of the federal Civil Agency attorneys as reflected in this document or any other materials. *See Matthews*, 486 F.3d at 891 ("Where, like here, 'the *factual basis* for a claim' is 'reasonably available to' [the defendant] from another source, the government is under no duty to supply that information to the defense." (emphasis added) (quoting *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998)); *see also Morris*, 447 F.3d at 742; *Carroll*, 2020 WL 1862446, at \*10. As noted above, the proposed *in camera* submissions do not contain any independent, underlying exculpatory facts. At most, they reflect attorneys characterizing and weighing the evidence and evaluating different legal theories and issues in their civil case. Such opinions of federal Civil Agency attorneys are no more discoverable than the opinions of the Defendant's attorneys.

Nevertheless, out of an abundance of caution and to ensure compliance with the Court's discovery orders, including the September 12, 2022 Amended Order, the United States respectfully requests that the Court grant this Motion, accept and review the *in camera* submissions, and rule on their discoverability.

Dated: October 7, 2022

Respectfully submitted,

| | |
|---|---|
| DAWN N. ISON<br>United States Attorney | TODD KIM<br>Assistant Attorney General |
| /s/ *John K. Neal*<br>JOHN K. NEAL<br>Chief, White Collar Crime Unit<br>Assistant United States Attorney<br>TIMOTHY J. WYSE<br>Assistant United States Attorney<br>Eastern District of Michigan | /s/ *Todd W. Gleason*<br>TODD W. GLEASON<br>Senior Trial Attorney<br>U.S. Department of Justice<br>Environmental Crimes<br>Section<br>Environmental and Natural<br>Resources Division |

GLENN S. LEON
Chief

/s/ *Michael T. O'Neill*
MICHAEL T. O'NEILL
Assistant Chief
AMANDA SWANSON
MICHAEL P. MCCARTHY
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, I will serve a copy of the foregoing upon all counsel of record via the court's electronic CM/ECF system.

> /s Michael T. O'Neill
> Michael T. O'Neill
> Assistant Chief
> U.S. Department of Justice
> Criminal Division, Fraud Section