UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

v.

D-1 EMANUELE PALMA,

              Defendant.
_____/

Case No. 19-20626

Nancy G. Edmunds
United States District Judge

David R. Grand
United States Magistrate Judge

**ORDER GRANTING UNITED STATES' MOTION FOR**
**_IN CAMERA_ REVIEW AND RULING ON DISCOVERABILITY**
**OF CERTAIN EPA MATERIALS (ECF No. 164)**

**Background**

Defendant Emanuele Palma ("Palma") has been indicted on charges that he: (1) violated the Clean Air Act, 42 U.S.C. § 7413; (2) made false statements to a federal agency, in violation of 18 U.S.C. § 1001; (3) committed wire fraud, in violation of 18 U.S.C. § 1343; and (4) conspired to defraud the United States, violate the Clean Air Act, and commit wire fraud, in violation of 18 U.S.C. § 371. (ECF No. 1). The charges arise out of Palma's alleged role in a scheme to mislead the Environmental Protection Agency ("EPA"), the California Air Resources Board ("CARB"), and others "by making and causing others to make false and misleading representations about (a) the design, calibration, and function of the emissions control system used on [certain vehicles manufactured by his then-employer, Fiat Chrysler Automobiles N.V. ("FCA")], and (b) the emissions of pollutants from [those vehicles]." (_Id._, PageID.11). In short, the government alleges that Palma

fraudulently calibrated the emissions control systems on certain FCA diesel vehicles to produce lower nitrogen oxide ("NOx") emissions under conditions when the vehicles would be undergoing federal certification testing, and higher NOx emissions when the vehicles were driven by consumers in the real world. Palma is also alleged to have made numerous misrepresentations related to the unlawful scheme.[1]

On September 7, 2022, the Court held oral argument on Palma's motion for Rule 16 and *Brady* material, *Brady v. Maryland*, 373 U.S. 83 (1963), and on September 12, 2022, entered an order (the "September 12 Order") which granted that motion in part. (ECF No 162). The Court hereby incorporates by reference that order's extensive "Background" section. (ECF No. 162, PageID.8219-26). In short, the parties had disputed whether the United States' privilege logs were adequate, and whether the United States should be ordered to produce revised privilege logs or the "underlying" documents reflected in those logs. Ultimately, among other relief, the Court ordered the United States "to produce the documents that appear on **the federal agencies'** Privilege Logs" within 30 days. (*Id.*, PageID.8230) (emphasis in original).

Importantly, the September 12 Order followed the Court's entry of a Rule 502(d) order pursuant to which the underlying documents' production would not waive any privilege, and the government's assertion that with that protection in place, it would "be in a position to produce underlying documents . . ." (*Id.*, PageID.8249; *see also id.* ("with respect to all of the federal civil agencies within no later than 30 days, [the government

---

[1] A superseding indictment has been filed, adding two co-conspirator defendants. (ECF No. 64).

2

will] produce the actual underlying documents themselves, subject to the protections of the 502(d) order."). The Court had also asked the government's counsel if the entry of the Rule 502(d) order "obviates your concerns about privilege, [] and the federal agencies are willing to produce the documents on the privilege log," to which government counsel responded, "that's correct, your Honor. At least with respect to [] the federal civil agencies." (*Id.*, PageID.8270).

While the government appears to have produced virtually all of the documents on the *federal* agencies' privilege logs,[2] it has withheld production of two documents (the "Memos") on that list on the grounds that they do not constitute Rule 16 or *Brady* material, and are thus not discoverable. (ECF No. 172). Specifically, the government contends that the Memos "are two versions (one of which is marked 'DRAFT') of a litigation risk assessment memorandum prepared by a [EPA] Civil attorney or attorneys in connection with the government's civil case against FCA. Each version of the memorandum summarizes the evidence developed as of the date that it was written (reflected on the documents 'as of' September 17, 2018), as well as the strengths and potential litigation risks or weakness of that civil case." (*Id.*, PageID.8296). The government also represents that, "[t]o the extent that the attorney-authors of these documents discuss specific evidence, [it] has confirmed that that evidence has been independently disclosed to [Palma] during discovery." (*Id.*).

---

[2] The government has not yet obtained CARB's privilege log documents, and CARB has filed a miscellaneous action in this Court, Case No. 22-mc-51603, to quash a subpoena served on it by the United States in which the United States demands production of those documents. That motion is the subject of another Order the Court is issuing today.

Based on the foregoing, the government contends that it is not required under the Court's September 12 Order to produce the Memos to Palma. However, "out of an abundance of caution and to ensure compliance with the Court's orders," the government has filed the instant motion asking for permission to provide the Court with copies of the Memos to review *in camera* so it can determine whether they are, in fact, not discoverable. (*Id.*, PageID.8290). In response, Palma argues that between (1) a November 17, 2020 order *requiring* the government to produce to Palma "any additional materials that fall within the scope of *Brady* and Rule 16" (ECF No. 58, PageID.1566; *see also id.*, PageID.1569), (2) the Rule 502(d) order, and (3) this Court's September 12 Order requiring the government "to produce the documents that appear on **the federal agencies'** Privilege Logs" (ECF No. 162, PageID.8230) (emphasis in original), the issue has already been resolved in Palma's favor, and the government must produce the unredacted Memos to him. (ECF No. 169, PageID.8319).

The Court heard oral argument on the government's instant motion on November 29, 2022. For the reasons stated on the record and below, the Court will grant the motion.

**Applicable Standards**

Pursuant to Federal Rule of Criminal Procedure 16(a), the government must disclose certain evidence to the defendant in the government's "possession, custody, or control," including, as relevant here, documents that are material to preparing the defense. Fed. R. Crim. P. 16(a)(1)(E)(i). *See also* Fed. R. Crim. P. 16(a)(1)(B)(i); Fed. R. Crim. P. 16(a)(1)(F). However, Rule 16(a)(2) provides that "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents

4

made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). Consequently, Rule 16 does not require disclosure of "internal government notes and memoranda," including those internal notes reflecting communications with "other representative[s] from the federal government." *United States v. Mills*, 16-cr-20460, 2019 WL 4051726, at *3 (E.D. Mich. Aug. 28, 2019).

Under *Brady* and its progeny, the government must disclose to the defendant "material evidence that is favorable to the defendant over which the prosecution team has control." *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007). While this "duty encompasses impeachment evidence as well as exculpatory evidence," *Strickler v. Greene*, 527 U.S. 263, 280 (1999), a prosecutor's own mental impressions are not "evidence," and thus "the prosecutor is not required to deliver his entire file to defense counsel." *United States v. Bagley*, 473 U.S. 667, 675 (1985). Indeed, such materials are classic attorney opinion work product that need not be disclosed. *See Morris v. Ylst*, 447 F.3d 735, 742 (9th Cir. 2006) ("Thus, in general, a prosecutor's opinions and mental impressions of the case are not discoverable under *Brady* unless they contain underlying exculpatory facts."); *United States v. Carroll*, No. 19 CR 545 (CM), 2020 WL 1862446, at *10 (S.D.N.Y. Apr. 14, 2020) ("The thoughts and impressions of SEC staff concerning its case and investigation are not *Brady* material. The evidence that matters is not an attorney's opinion, but the underlying facts.").

**Discussion**

Although the Court's September 12 Order required the government "to produce the

5

documents that appear on ***the federal agencies'*** Privilege Logs" (ECF No. 162, PageID.8230) (emphasis in original), that was based on the government's more general assertion during the hearing that, "with respect to all of the federal civil agencies within no later than 30 days, [the government will] produce the actual underlying documents themselves, subject to the protections of the 502(d) order." (ECF No. 163, PageID.8249). However, a review of the transcript from the September 7, 2022 hearing makes clear that the government had noted that the documents on its privilege log were still being reviewed, and that some small portion of the documents listed therein might not be Rule 16 or *Brady* material, and therefore might not be discoverable:

> MR. O'NEILL: . . . With respect to the federal civil agencies, the EPA, the ENRD, civil and the SEC, we -- we expect to be in a position to produce underlying materials, you know, responsive and discoverable civil agency material subject to the protection of the 502(d) order very shortly, within -- within 30 days.
>
> THE COURT: Would that be all of the documents that are on the privilege log for the federal agencies or only some subset?
>
> MR. O'NEILL: There -- our [re]view is -- is ongoing. We believe it will be the vast majority, if not all of the materials identified on the log, your Honor. But our -- our review is -- is ongoing and -- and nearly complete. But I -- I just -- I'm not in a position to say right now it will be all them. To the extent that anything that has been logged is not being produced, we could -- we'll certainly, you know, identify that and -- and call that out. But our -- our understanding is it will be the vast majority, if not -- if not all of the materials that have been logged.

(ECF No. 163, PageID.8250).

In its instant motion, the government represents that only the two Memos fall into the category of documents on a federal agency privilege log that are not discoverable because they are attorney opinion work product in that they merely "summarize[] the

6

evidence developed as of the date that [they were] written (reflected on the documents 'as of' September 17, 2018), as well as the strengths and potential litigation risks or weakness of that civil case." (ECF No. 164, PageID.8296). Under the foregoing circumstances, it is prudent for the Court to review the Memos *in camera* to determine whether they are privileged and/or discoverable. As the Court explained during oral argument, ultimately, it is a document's contents, not its inclusion on a privilege log, that will determine whether it contains Rule 16 and/or *Brady* material, and therefore whether it is discoverable.

Palma's arguments against this approach lack merit. In his response brief, Palma argues that the "government can have no privilege concerns with respect to the withheld EPA documents in light of the Court's 502(d) order confirming that production to Mr. Palma will not constitute a waiver of applicable privileges," and that the "Court has already ordered that the materials at issue be produced to Mr. Palma." (ECF No. 169, PageID.8319). As to the first point, the government asserts that unlike other documents on its privilege logs, the Memos are "particularly sensitive, containing EPA attorneys' legal analysis and strategy considerations." (ECF No. 172, PageID.8368). An *in camera* review will enable the Court to better understand and consider that assertion. As to the second point, the September 7 hearing transcript reflects that the Court did not reject the government's contention that there might be some small handful of documents on its privilege logs that did not need to be produced, and to the extent the September 12 Order failed to make that clear, it was due to the fact that neither the Court nor the parties addressed that particular issue head-on. *See supra* at 5-6. Again, an *in camera* review will enable the Court to evaluate the government's assertion that the Memos do not contain

7

Rule 16 or *Brady* material, and that they are therefore not discoverable.

Palma also argues that "[t]he government's description of the withheld documents reinforces their status as *Brady* and/or Rule 16 materials" because "[t]he government describes the withheld materials as versions of a 'litigation risk assessment memorandum prepared by [an EPA] Civil attorney or attorneys in connection with the government's civil case against FCA.'" (ECF No. 169, PageID.8319-20). Similarly, Palma argues that "[t]he government further notes that the withheld documents 'summarize[] the evidence developed' as of September 17, 2018 'as well as the strengths and potential litigation risks or weakness of that civil case,'" and that "[d]ocuments related to the government's case against FCA for violations of the Clean Air Act or schemes to defraud customers are directly relevant to the charges against Mr. Palma . . ." (*Id.*, PageID.8120). But the mere fact that the Memos relate to the civil case against FCA says nothing about whether the documents constitute attorney work product or whether they contain *Brady* and/or Rule 16 material. Again, those are issues the Court can better assess after reviewing the Memos *in camera*.

**Conclusion**

For all of the foregoing reasons, **IT IS ORDERED** that the government's Motion for *In Camera* Review and Ruling on Discoverability of Certain EPA Materials **(ECF No. 164) is GRANTED**. The government shall provide the Court with unredacted copies of the Memos at issue **by November 30, 2022**, so the Court may conduct an *in camera* review and rule as to whether any additional production to Palma will be required.

**SO ORDERED.**

Case 2:19-cr-20626-NGE-DRG   ECF No. 182, PageID.8478   Filed 11/29/22   Page 9 of 9

Dated: November 29, 2022  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

## NOTICE

The parties' attention is drawn to Fed. R. Crim. P. 59(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 29, 2022.

s/Michael E. Lang
MICHAEL E. LANG
Case Manager